A. RAY v. C. G. RAY.

(Filed 3 April, 1918.)

**Appeal and Error—Evidence—Transactions with Deceased—Statutes—Verdict—Harmless Error.**

The erroneous admission of evidence of transactions with deceased persons, prohibited by Revisal, sec. 1631, becomes immaterial when from the answers by the jury to the issues it appears that this evidence was disregarded by them.

CIVIL ACTION, tried before *Bond, J.,* at October Term, 1917, of BLADEN, upon these issues:

1. Was the execution of the deed referred to in the complaint procured by assurances of said C. G. Ray that he would provide and take care of his father and mother so long as they lived, as alleged in the complaint? Answer: "Yes."

2. Did the defendant, C. G. Ray, make assurances for the purpose of getting said deed and with the intention of not providing for and caring for his father and mother as he agreed to do? Answer: "No."

3. Has defendant, C. G. Ray, made provision for and cared for his father and mother as he promised and agreed to do? Answer: "Yes."

From the judgment rendered, plaintiff appealed.

*E. J. McCulloch, Jr., for plaintiff.*
*Bayard Clark for defendant.*

BROWN, J. On 5 July, 1913, the plaintiff, A. Ray and wife, P. A. Ray, conveyed a certain tract of land in Bladen County to their son, C. G. Ray, the defendant. This deed was made on the special trust that C. G. Ray should provide and take care of his father and mother as long as they lived.

This action is brought to have the deed set aside because of the failure of defendant to carry out the agreement. The only exceptions considered in appellant's brief relate to a conversation between the deceased wife of plaintiff and the defendant testified to by defendant. The

objection was made in apt time and is based on section 1631, Revisal. The evidence tended to contradict the contention of· plaintiff that the defendant agreed to support his father and mother (the plaintiff and his wife) as a consideration for the execution of the deed.

As the jury found with the plaintiff on first issue, thereby establishing the trust, the exception is irrelevant. It is manifest that the jury disregarded defendant's evidence upon that issue.

The jury have found that the defendant accepted the deed upon the alleged trust, and that he has fully performed so far the agreement upon his part.

In view of the findings of the jury, the assignments of error are irrelevant.

No error.